BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
PATRICIA N. SYVERSON (CA SBN 203111)
MANFRED P. MUECKE (CA SBN 222893)
600 W. Broadway, Suite 900
San Diego, California 92101
psyverson@bffb.com
mmuecke@bffb.com
Telephone: (619) 798-4593

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
ELAINE A. RYAN (*To Be Admitted Pro Hac Vice*)
CARRIE A. LALIBERTE (*To Be Admitted Pro Hac Vice*)
2325 E. Camelback Rd. Suite 300
Phoenix, AZ 85016
eryan@bffb.com
claliberte@bffb.com
Telephone: (602) 274-1100

*Attorneys for Plaintiff*
*Additional Attorneys on Signature Page*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FELIX BAUM, On Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> J-B Weld Company, LLC, a Georgia company, <br><br> Defendant. | Case No.: <br><br> **CLASS ACTION COMPLAINT FOR:** <br><br> 1. VIOLATION OF THE UNFAIR COMPETITION LAW, Business and Professions Code §17200 *et seq.*; <br> 2. VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT, Civil Code §1750 *et seq.*; and <br><br> DEMAND FOR JURY TRIAL |

Class Action Complaint

Plaintiff Felix Baum brings this action on behalf of himself and all others similarly situated against Defendant J-B Weld Company, LLC, and states:

## FACTUAL ALLEGATIONS

1. Defendant is a leading manufacturer of cold weld products. It offers steel-reinforced epoxy putty adhesives/sealants; hole and crack sealants for radiators, water jackets, and cylinder heads; and MarineWeld, a water-and weather-proof product for maintaining and repairing various boating and marine products. The company's products are used for home, auto, motorcycle, mechanical, boats and marine, plumbing, aircraft, construction, petroleum, sheet metal, and agricultural, as well as used in public utilities, and factories and foundries. The J-B Weld brand was established over 50 years ago, such that J-B Weld is a familiar household name to American consumers. This lawsuit concerns 39 of Defendant's products: (1) J-B Weld Twin Tube; (2) J-B Weld Windshield Saver; (3) J-B Weld LeatherWeld; (4) J-B Weld TankWeld; (5) J-B Weld Radiator Weld; (6) KwikWeld Twin Tube; (7) KwikWeld Syringe; (8) ClearWeld Syringe; (9) WaterWeld Epoxy Putty; (10) SteelStik Epoxy Putty Stick; (11) Plastic Bonder Syringe; (12) PlasticWeld Syringe; (13) PlasticWeld Epoxy Putty; (14) MarineWeld Twin Tube; (15) MarineWeld Syringe; (16) HighHeat Epoxy Putty; (17) AutoWeld; (18) Black Silicone; (19) Blue Silicone; (20) Clear Silicone; (21) Ultimate Black Silicone; (22) Ultimate Grey Silicone; (23) Hi-Temp Red Silicone; (24) White Silicone; (25) Perma-Lock Blue Threadlocker; (26) Perma-Lock Penetrating Threadlocker; (27) Perma-Lock Red Threadlocker; (28) SuperWeld; (29) KwikWood Epoxy Putty; (30) Wood Restore Liquid Hardener; (31) Wood Restore Premium Liquid Epoxy Kit; (32) WoodWeld Twin Tube; (33) WoodWeld Syringe; (34) MinuteWeld Syringe; (35) Perm-O-Seal;

(36) Premium Epoxy Putty Kit; (37) Water Pump & Thermostat Housing; (38) J-B Plastic Bonder Syringe; and (39) J-B ExtremeHeat (collectively, the "Products")[1].

2. Defendant's Products include, without limitation, the epoxy or other adhesive material itself, the tubes, pots, or pouches that house the epoxy or other adhesive material, the caps that seal the Products, and the nozzles, syringes, and spatulas that dispense the epoxy or adhesive material.

3. The Products are sold online and in virtually every major automotive, hardware, home improvement, farm, and big-box store nationwide including, but not limited to Ace Hardware, Auto Zone, The Home Depot, Pep Boys, Wal-Mart, Fred Meyer, Lowe's, O'Reilly Auto Parts, K-Mart, and Parts Plus. The Products retail for approximately $7.99-$35.99.

4. On the front of each and every Product package, where consumers cannot miss it, Defendant represents that the Products are "Made in U.S.A." directly under a picture of the American flag set against a contrasting background to attract attention. A representative example of the "Made in U.S.A." representation is shown below:

Defendant also represents that the Products are "Made in U.S.A." on the back of the Product packages. The "Made in U.S.A." representations are false, misleading, and deceptive because the Products are not "all or virtually all" made in the United States as required and defined by the Federal Trade Commission Act, 15 U.S.C. §§ 45 and

---

[1] Plaintiff reserves the right to add additional products upon completion of discovery.

45a.   Specifically, the Products contain more than a "de minimis, or negligible," amount of foreign content, including, without limitation, the tubes that house the adhesives, the caps that seal the Products, and the nozzles and syringes that dispense the Products. Representative copies of three Product packages, including a representative copy of the J-B Weld Twin Tube Product package purchased by Plaintiff, which are representative of all Product packages, are attached hereto as Exhibit A.

5.   The "Made in U.S.A." representations are a central aspect of Defendant's marketing campaign and brand recognition. Defendant not only prominently represents that the Products are Made in U.S.A." on every Product package, but it states in a position of prominence in the very first paragraph of its company website "About J-B Weld" page that its Products "have always been made in the USA." https://www.jbweld.com/pages/about.

6.   Defendant's "Made in U.S.A." representations, to which all consumers are necessarily exposed, are stand-alone representations without qualification or disclosures such as "Made in U.S.A. of U.S. and imported parts", "Partially Made in U.S.A.", or "Made in U.S.A. – Certain parts foreign", leading reasonable consumers to believe the epoxy/adhesive materials, packaging, and all components of the Products – each of which is an integral part of the Products' functionality – are "all or virtually all" made in America.

7.   Where a product is not "all or virtually all" made in the U.S. and bears a U.S. origin claim – such as Defendant's Products – consumers expect clear, prominent, and understandable accompanying qualification and disclosure of the kind often seen on other products in the marketplace that bear qualified U.S. origin claims, such as "Made in Germany. Packaged in USA" or "Assembled in USA with U.S. and imported parts".

8. Defendant possesses superior knowledge of the true origin of its Products. Consumers are not privy to this information, nor is it generally available in the public domain. By failing to properly qualify its "Made in U.S.A." representations and disclose that certain component parts of its Products were imported, Defendant deceived, defrauded, and misled consumers.

9. Defendant's unqualified "Made in U.S.A." representations and failure to disclose its Products contain imported parts is material to consumers of Defendant's Products.

10. And consumers are not only increasingly seeking out products that are made in America, but they are willing to pay more for them.

11. Consumers' preference for American-made goods and their willingness to pay more for domestically made products stems from a belief in superior workmanship, a desire to support American jobs, and a distaste for products made in "sweatshops", among other reasons.

12. In addition to being false, misleading, and deceptive, Defendant's conduct is unlawful as it violates California Business & Professions Code § 17533.7, which prohibits the sale in California of products bearing the representation "Made in U.S.A." if "any article, unit, or part thereof has been substantially made, manufactured, or produced outside of the United States."

13. Defendant has also violated the Federal Trade Commission Act, 15 U.S.C. §§ 45 and 45a, and the principles set forth in the FTC's Enforcement Policy Statement on U.S. Origin Claims issued pursuant to the Commission's authority to regulate U.S. origin claims under Section 5 of the FTC Act, 15 U.S.C. § 45, which prohibits "unfair or deceptive acts or practices", wherein it is deemed deceptive and therefore unlawful to make a "Made in U.S.A." claim when the product – including its raw materials, containers, dispensers, and other component parts – is not "all or virtually all" made in the U.S.

14. Defendant prices its Products higher than it otherwise would in the absence of its "Made in U.S.A." representations. As a result, all consumers of Defendant's Products – whether they relied on the "Made in U.S.A." representations or not – paid a premium for a U.S. origin benefit they did not receive.

15. As a result of Defendant's false, misleading, and deceptive "Made in U.S.A." representations, consumers – including Plaintiff and members of the proposed Classes – have purchased Products that are not "Made in U.S.A." as advertised. Moreover, Plaintiff and Class members have purchased Products that they otherwise would not have, or that they would not have paid a price premium for, had they known the truth about Defendant's false, misleading, and deceptive "Made in U.S.A." representations.

16. Plaintiff brings this action on behalf of himself and other similarly situated consumers who purchased the Products to halt the dissemination of this false, misleading, deceptive, unfair, and unlawful advertising message, and to correct the misleading perception it has created in the minds of consumers. Based on violations of California unfair competition laws (detailed below), Plaintiff seeks restitution, declaratory and injunctive relief, and corrective advertising.

**JURISDICTION AND VENUE**

17. This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are in excess of 100 class members and some members of the Class are citizens of a state different from Defendant.

18. This Court has personal jurisdiction over Defendant because Defendant is authorized to conduct and do business in California, including this District. Defendant marketed, promoted, distributed, and sold the Products in California, and Defendant has sufficient minimum contacts with this State and/or sufficiently availed itself of the markets in this State through its promotion, sales, distribution, and

marketing within this State, including this District, to render the exercise of jurisdiction by this Court permissible.

19. Venue is proper in this Court pursuant to 28 U.S.C. §§1391(a) and (b) because a substantial part of the events giving rise to Plaintiff's claims occurred while he resided in this judicial district. Venue is also proper under 18 U.S.C. § 1965(a) because Defendant transacts substantial business in this District.

## PARTIES

20. Plaintiff Felix Baum resides in San Francisco, California, is domiciled in San Francisco, California, and is a citizen of California. Throughout the relevant period, Plaintiff routinely was exposed to, saw, and relied upon Defendant's "Made in U.S.A." representations by reading the front and back of the J-B Weld Twin Tube, J-B Weld Radiator Weld, PlasticWeld Syringe, and Black Silicone Product labels. Plaintiff purchased the Products at various stores in San Francisco, California in reliance on the "Made in U.S.A." representations. Had Plaintiff known the truth about Defendant's "Made in U.S.A." representations, he would not have purchased the Products. As a result, Plaintiff suffered injury in fact and lost money at the time of purchase. Plaintiff will purchase epoxy and other adhesive products in the future, and he would purchase such a product manufactured by Defendant if it were possible to determine prior to purchase that the product was all or virtually all made in the U.S.A. Indeed, Plaintiff regularly visits stores where Defendant's Products are sold, but has been unable to determine whether the Products are all or virtually all Made in the U.S.A.

21. Defendant J-B Weld Company, LLC is a Georgia company whose headquarters is located at 100 Deforest Ave., East Hanover, NJ 07936. Defendant is a citizen of Georgia and New Jersey and is domiciled in New Jersey. J-B Weld company, LLC manufactures, advertises, markets, distributes, and/or sells the

Products to tens of thousands of consumers in California and throughout the United States.

## CLASS DEFINITION AND ALLEGATIONS

22. Plaintiff brings this action on behalf of himself and all other similarly situated consumers pursuant to Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class:

> **Multi-State Class**
> All consumers who, within the applicable statute of limitations period until the date notice is disseminated, purchased the Products in California, Florida, Illinois, Massachusetts, Michigan, Minnesota, Missouri, New Jersey, New York, and Washington.[2]
>
> Excluded from this Class are Defendant and its officers, directors, employees and those who purchased the Products for the purpose of resale.

23. In the alternative to a Multi-State Class, Plaintiff seeks certification of the following California-Only Class:

> **California-Only Class**
> All California consumers who within the applicable statute of limitations period until the date notice is disseminated, purchased the Products.
>
> Excluded from this Class are Defendant and its officers, directors and employees, and those who purchased the Products for the purpose of resale.

---

[2] The States in the Multistate Class are limited to those States with similar consumer fraud laws as applied to the facts of this case: California (Cal. Bus. & Prof. Code §17200, *et seq.*); Florida (Fla. Stat. §501.201, *et seq.*); Illinois (815 Ill. Comp. Stat. 502/1, *et seq.*); Massachusetts (Mass. Gen. Laws Ch. 93A, *et seq.*); Michigan (Mich. Comp. Laws §445.901, *et seq.*); Minnesota (Minn. Stat. §325F.67, *et seq.*); Missouri (Mo. Rev. Stat. 010, *et seq.*); New Jersey (N.J. Stat. §56:8-1, *et seq.*); New York (N.Y. Gen. Bus. Law §349, *et seq.*); and Washington (Wash. Rev. Code §19.86.010, *et seq.*). These statutes are referred to as "Similar Consumer Fraud Statutes."

24. **Numerosity**. The members of the Classes are so numerous that joinder of all members is impracticable. Plaintiff is informed and believes that the proposed Classes contain thousands of purchasers of the Products who have been damaged by Defendant's conduct as alleged herein. The precise number of Class members is unknown to Plaintiff.

25. **Existence and Predominance of Common Questions of Law and Fact**. This action involves common questions of law and fact, which predominate over any questions affecting individual Class members. These common legal and factual questions include, but are not limited to, the following:

    (a)    whether Defendant's "Made in U.S.A." representations are false, misleading, or objectively reasonably likely to deceive;

    (b)    whether Defendant's alleged conduct is unlawful and constitutes violations of the laws asserted; and

    (c)    whether Plaintiff and Class members are entitled to appropriate remedies, including restitution, corrective advertising and injunctive relief.

26. **Typicality.** Plaintiff's claims are typical of the claims of the members of the Classes because, *inter alia*, all Class members were injured through the uniform misconduct described above. Plaintiff is also advancing the same claims and legal theories on behalf of himself and all Class members.

27. **Adequacy of Representation.** Plaintiff will fairly and adequately protect the interests of Class members. Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the Classes.

28. **Superiority.** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class members is relatively small compared to the

burden and expense that would be entailed by individual litigation of their claims against Defendant. It would thus be virtually impossible for members of the Classes, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if Class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

29. Plaintiff seeks preliminary and permanent injunctive and equitable relief on behalf of the entire Classes, on grounds generally applicable to the entire Classes, to enjoin and prevent Defendant from engaging in the acts described and requiring Defendant to provide restitution to Plaintiff and Class members.

30. Unless a Class is certified, Defendant will retain monies received as a result of its conduct that were taken from Plaintiff and Class members.

31. Unless an injunction is issued, Defendant will continue to commit the violations alleged, and the members of the Classes and the general public will continue to be deceived.

**COUNT I**
**Violation of Business & Professions Code §17200, *et seq.***
**and Similar Consumer Fraud Statutes, *supra* note 2**
**(On Behalf of the Multi-State or California-Only Class)**

32. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

33. Plaintiff brings this claim individually and on behalf of the Classes.

34. As alleged herein, Plaintiff has suffered injury in fact and lost money or property at the time of purchase as a result of Defendant's conduct because he purchased Defendant's Products in reliance on the "Made in U.S.A." representations, but did not receive Products consistent with those representations.

35. The Unfair Competition Law, Business & Professions Code §17200, *et seq.* ("UCL") prohibits any "unlawful," "fraudulent," or "unfair" business act or practice and any false or misleading advertising. The Similar Consumer Fraud Statutes likewise prohibit the use of unfair or deceptive practices in the course of trade or commerce, and like the UCL are to be liberally construed.

36. By making the "Made in U.S.A." representations (which also constitute advertising within the meaning of § 17200), Defendant has engaged in "unlawful" business acts and practices in the course of conducting business because:

   a. By representing that its Products are "Made in U.S.A.", Defendant has and continues to violate, *inter alia*, California Business & Professions Code § 17533.7, in that it is unlawful to sell in California products which contain the representation "Made in U.S.A." where any part thereof has been substantially made, manufactured, or produced outside the United States;

   b. By claiming its Products are "Made in U.S.A." when they are not "all or virtually all" made in the U.S.A., Defendant has and continues to violate the FTC Act, including 15 U.S.C. §§ 45 and 45a;

   c. By representing that its Products are "Made in U.S.A.", Defendant has and continues to violate the California Legal Remedies Act, Civil Code §§ 1750, *et seq.*, by violating Civ. Code § 1770(a)(4), as Defendant's acts and practices use deceptive representations or designations of geographic origin in connection with the sale of the Products;

   d. By representing that its Products are "Made in U.S.A.", Defendant has

- 10 -
Class Action Complaint

and continues to violate California Civil Code §§ 1572 and 1573, in that Defendant committed actual and constructive fraud; and

e. By representing that its Products are "Made in U.S.A.", Defendant has and continues to violate California Civil Code §§ 1709 and 1711, in that Defendant willfully deceived Plaintiff and Class members with intent to induce them to alter their position to their injury.

37. Plaintiff reserves the right to allege other violations of law, which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

38. Defendant also committed "unfair" business acts or practices in the course of conducting business in violation of the unfair business prong of Business & Professions Code § 17200, *et seq.* by engaging and continuing to engage in conduct that violates the legislatively declared policy of California Business & Professions Code § 17533.7 against selling products in California containing a "Made in U.S.A." representation where any part thereof has been substantially made outside the U.S. Defendant has further engaged in conduct that violates the legislatively declared policy of the CLRA against using deceptive representations of national origin. Absent the disclosures detailed above, any justification for selling the Products with the Made in U.S.A. representations is outweighed by the gravity of the harm the sale of the Products causes, particularly because there were reasonable available alternatives to further Defendant's legitimate business interest, such as a properly qualified U.S. origin claim.  There is no societal benefit from false advertising, only harm to consumers and to Defendant's competitors whose advertising must comply with the laws regulating U.S. origin claims.  While Plaintiff and the public at large were and continue to be harmed, Defendant has been unjustly enriched by its false, misleading, and deceptive representations and material omissions.  Because the utility of Defendant's conduct (zero) is outweighed by the gravity of harm to Plaintiff,

consumers, and the competitive market, Defendant's conduct is "unfair" having offended an established public policy against engaging in unlawful, false, and misleading advertising, unfair competition, and deceptive conduct towards the general public. Further, Defendant engaged in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to the public at large.

39. In the course of conducting business, Defendant also committed "fraudulent business act[s] or practices" and deceptive or misleading advertising by making the "Made in U.S.A." representations and omitting the material qualifying facts, which are false, misleading, and deceptive representations and omissions (which also constitutes advertising within the meaning of § 17200) having the tendency to deceive the general public.

40. Defendant's conduct has caused Plaintiff to suffer injury and the loss of money.

41. Unless restrained and enjoined, Defendant will continue to engage in the above described conduct. Accordingly, injunctive relief is appropriate.

42. Plaintiff, on behalf of himself, all others similarly situated, and the general public, seeks declaratory relief and an injunction prohibiting Defendant from continuing such practices, corrective advertising, restitution of the monies obtained from Plaintiff and Class members as a result of unfair competition, and all other relief this Court deems appropriate, consistent with Business & Professions Code § 17203 and the Similar Consumer Fraud Statutes.

**COUNT II**
**Violations of the Consumers Legal Remedies Act – Civil Code § 1750 *et seq.***
**(On Behalf of the California-Only Class)**

43. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

44. Plaintiff brings this claim individually and on behalf of the California-

Only Class.

45. This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code § 1750, *et seq*. (the "Act").

46. Plaintiff is a consumer as defined by California Civil Code § 1761(d). The Products are "goods" within the meaning of the Act.

47. Defendant violated and continues to violate the Act by engaging in the following practices proscribed by California Civil Code § 1770(a) in transactions with Plaintiff and the California-Only Class which were intended to result in, and did result in, the sale of the Products:

   (4) Using deceptive representations or designations of geographic origin in connection with [its sale of the Products].

48. Pursuant to California Civil Code § 1782(d), Plaintiff and the California-Only Class seek a Court Order declaring Defendant to be in violation of the CLRA and enjoining the above-described wrongful acts and practices of Defendant.

49. Pursuant to § 1782 of the Act, Plaintiff notified Defendant in writing by certified mail of the particular violations of § 1770 of the Act and demanded that Defendant rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendant's intent to so act. A copy of the letter is attached hereto as Exhibit B.

50. If Defendant fails to rectify or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice pursuant to § 1782 of the Act, Plaintiff will amend this Complaint to add claims for actual, punitive, and statutory damages as appropriate.

51. Pursuant to § 1780 (d) of the Act, attached hereto as Exhibit C is the affidavit showing that this action has been commenced in the proper forum.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for a judgment:

    A.    Certifying the Classes as requested herein;

    B.    Issuing an order declaring that Defendant is in violation of the UCL and CLRA;

    C.    Enjoining Defendant's conduct and ordering Defendant to engage in a corrective advertising campaign;

    D.    Awarding restitution of Defendant's revenues to Plaintiff and the proposed Class members;

    E.    Awarding attorneys' fees and costs; and

    F.    Providing such further relief as may be just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial of his claims by jury to the extent authorized by law.

Dated: April 3, 2019

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.

/s/*Patricia N. Syverson*
Patricia N. Syverson (203111)
Manfred P. Muecke (222893)
600 W. Broadway, Suite 900
San Diego, California 92101
psyverson@bffb.com
mmuecke@bffb.com
Telephone: (619) 798-4593

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
Elaine A. Ryan (*To Be Admitted Pro Hac Vice*)
Carrie A. Laliberte (*To Be Admitted Pro Hac Vice*)
2325 E. Camelback Rd., Suite 300
Phoenix, AZ 85016
eryan@bffb.com
claliberte@bffb.com
Telephone: (602) 274-1100

SIPRUT PC

- 14 -
Class Action Complaint

Stewart M. Weltman (*To Be Admitted Pro Hac Vice*)
Todd L. McLawhorn (*To Be Admitted Pro Hac Vice*)
Michael Chang (*To Be Admitted Pro Hac Vice*)
17 North State Street
Chicago, Illinois 60602
sweltman@siprut.com
tmclawhorn@siprut.com
mchang@siprut.com
Telephone: (312) 236-0000

Attorneys for Plaintiff

- 15 -
Class Action Complaint

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic mail notice list

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 3, 2019.

/s/*Patricia N. Syverson*
Patricia N. Syverson (203111)
BONNETT FAIRBOURN FRIEDMAN
& BALINT, P.C.
600 W. Broadway, Suite 900
San Diego, CA 92101
Telephone: (619) 798-4593