UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIX BAUM,<br><br>    Plaintiff,<br><br>v.<br><br>J-B WELD COMPANY, LLC,<br><br>    Defendant. | Case No. 19-cv-01718-EMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND MODIFYING PRIOR ORDER RE SUMMARY JUDGMENT**<br><br>Docket No. 90 |

## I. INTRODUCTION

On July 28, 2020, this Court granted in part J-B Weld's Motion for Summary Judgment. *See* Docket No. 86. J-B Weld has now moved for leave to file a Motion for Reconsideration, challenging the scope of that order and urging that the Court's ruling—which was limited to addressing only California Business and Professions Code § 17533.7 as a predicate claim to Plaintiff's UCL claim—should be expanded. Specifically, J-B Weld contends that it is entitled to summary judgment on *all* of Plaintiff's predicate claims. As the motion cites no new cases and because Plaintiff already had the opportunity to respond to the arguments advanced and authorities relied upon by J-B Weld, the Court decides the motion without further briefing or argument.

## II. BACKGROUND

As the relevant facts and procedural background of this case were set forth in the Court's prior order, *see* Docket No. 86, they are not recounted again here.

## III. DISCUSSION

A.   Legal Standard

Under Civil Local Rule 7-9, a party must seek leave of the court to file a motion for reconsideration. Civ. L.R. 7-9(a). To prevail, a party "must specifically show reasonable

diligence in bringing the motion" *and* establish one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b). Motions for reconsideration are generally disfavored and are not the place for parties to make new arguments not raised in their original briefs. *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir. 1988). "Nor is reconsideration to be used to ask the Court to rethink what it has already thought." *Gray v. Golden Gate Nat. Recreational Area*, 866 F. Supp. 2d 1129, 1132 (N.D. Cal. 2011) (citing *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998)).

Here, J-B Weld assert that there was "[a] manifest failure by the Court to consider material facts or dispositive legal arguments." *See* Docket No. 90 at 1 (citing Civ. L.R. 7-9(b)(3)).

B.   Analysis

As stated in the Court's prior order, Plaintiff's Complaint alleges two counts: Count I is a UCL claim, premised upon: violations of California Business & Professions Code § 17533.7 (Made in USA labeling), the FTC Act 15 U.S.C. §§ 45 and 45a, California Civil Code § 1770(a)(4) (misrepresenting a product's geographic origin), California Civil Code §§ 1572–73 (actual and constructive fraud), and California Civil Code §§ 1709 (willful deceit and deceit to defraud the public or a particular class). Count II is a CLRA claim, premised upon California Civil Code § 1770(a)(4) (misrepresenting a product's geographic origin). *See* Second Amended Complaint "SAC") at 22–25, Docket No. 38.

The Court previously granted summary judgment in favor of J-B Weld only as to the California Business & Professions Code § 17533.7. *See* Docket No. 86 at 16. However, J-B Weld argues that based on the authorities previously submitted, California's 5% safe-harbor rule entitles

1   the company to summary judgment as to all of Plaintiff's remaining claims as well. On further
2   review of those authorities, the Court finds that argument has merit.

3   J-B Weld relies on several district court cases in support of its contention that "numerous
4   cases . . . have consistently applied the same Made in the U.S.A. standard and the California safe
5   harbor to various claims and . . . [those cases] expressly did not limit its applicability to Section
6   17533.7 claims." Motion for Leave to File Motion for Reconsideration ("Mot.") at 2, Docket No.
7   90. The cases cited by J-B Weld are each discussed in turn.

8   In *Fitzpatrick v. Tyson Foods, Inc.*, No. 216CV00058JAMEFB, 2016 WL 5395955 (E.D.
9   Cal. Sept. 27, 2016), *aff'd,* 714 F. App'x 797 (9th Cir. 2018), the plaintiff brought a UCL claim
10  premised upon both "unfair conduct" and § 17533.7 and a CLRA claim premised upon a violation
11  of California Civil Code § 1770(a)(4) (deceptive representations or designations of geographic
12  origin in connection with goods or services). *Id.* at *1. The court first concluded that the plaintiff
13  had failed to adequately allege a violation of § 17533.7 because "her complaint d[id] not include
14  any allegations regarding the percentage of foreign sourced materials contained in Defendant's
15  products." 2016 WL 5395955, at *4. It then addressed whether that failure "extinguishe[d]
16  Plaintiff's more general UCL claim for unfair conduct, Cal. Bus. & Prof. Code §§ 17200, *et seq.*,
17  and CLRA claim for deceptive representations of geographic origin, Cal. Civ. Code § 1770(a)(4)."
18  *Id.* To resolve that question, the court relied on the following explanation from the California
19  Supreme Court:

> If the Legislature has permitted certain conduct or considered a situation and concluded no action should lie, courts may not override that determination. When specific legislation provides a "safe harbor," plaintiffs may not use the general unfair competition law to assault that harbor.

23  *Id.* at *5 (quoting *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 182
24  (1999)) (also noting that the safe-harbor rule had been applied in both the UCL and CLRA
25  contexts). Accordingly, *Fitzpatrick* concluded that—without a viable § 17533.7 claim—
26  California's safe-harbor doctrine also barred the plaintiff's other UCL and CLRA claims (alleging
27  unfair conduct and deceptive representations of a product's geographic origin). In other words, it
28  found that the safe harbor applied to *all* of the plaintiff's predicate claims because the California

3

legislature had made a clear and overriding judgment that "no action should lie" where the 5-percent safe-harbor limit was not exceeded. The court dismissed *all* predicate claims of the UCL and CLRA.

In *Alaei v. Rockstar, Inc.*, 224 F. Supp. 3d 992 (S.D. Cal. 2016), the plaintiff alleged violations of § 17533.7, a separate UCL claim premised both upon violations of § 17533.7 and upon unfair and deceptive practices, and a CLRA claim premised upon violations of § 1770. *See* Docket No. 4 in Case No. 3:15-cv-02959-JAH-BGS (S.D. Cal., filed Dec. 31, 2015). As in *Fitzpatrick*, the court first found that the plaintiff had failed to state a claim under § 17533.7 because she "fail[ed] to specify . . . what percentage of [the d]efendants' products are comprised of foreign-sourced ingredients." *Alaei*, 224 F. Supp. 3d at 1000. It then turned to the question whether the plaintiff's UCL and CLRA claims could survive based on the non-17533.7 predicate claims. It relied on the same passage from *Cel-Tech* to conclude that the safe-harbor doctrine barred those predicates as well. *Id.* at 1000–01 (first quoting *Cel-Tech*, 20 Cal. 4th at 182 (UCL); and then quoting *Lopez v. Nissan N. Am., Inc.*, 201 Cal. App. 4th 572, 594 (2011) (CLRA)). In doing so, the court rejected the plaintiff's argument that *Cel–Tech* prohibited use of the unfair competition law "to assault th[e safe] harbor only when specific legislation provides a 'safe harbor' provision." *Id.* at 1001. Instead, it concluded that the safe-harbor provision evinced a legislative determination that "no action should lie" where the safe harbor was not exceeded and therefore that the safe harbor applied to *all* predicate claims, not just the § 17533.7 predicate. *Id.* The court found that to conclude otherwise would permit the plaintiff "to attack conduct which the legislature has thoughtfully considered and deemed lawful." *Id.* at 1001.

Finally, in *Hass v. Citizens of Humanity*, LLC, No. 14-CV-1404 JLS (WVG), 2016 WL 7097870 (S.D. Cal. Dec. 6, 2016), the plaintiff alleged violations of § 17533.7, a separate UCL claim premised both upon violations of § 17533.7 and upon unfair and deceptive practices, and a CLRA claim premised upon violations of § 1770 (as in *Alaei*). *See* Docket No. 90 in Case No. 3:14-cv-01404-JLS-WVG (S.D. Cal., filed June 9, 2014). As in the other two cases, the court first concluded that the plaintiff had failed to "raise a plausible inference that . . . [the foreign] materials constitute[d] more than five . . . percent of the total wholesale value of the product as required by

United States District Court
Northern District of California

the amended § 17533.7." *Hass*, 2016 WL 7097870, at *4 (citing *Fitzpatrick*, 2016 WL 5395955, at *4). It then relied on *Fitzpatrick* and *Cel-Tech* to conclude that "under California's safe harbor doctrine, Plaintiff's [failed] claim that Defendant violated § 17533.7 forecloses both of Plaintiff's additional claims based on that alleged conduct." *Id.* Because any allegations related to "unfair" business practices under the UCL or the §1770 predicate for the CLRA focused on the same alleged misconduct that underpinned the plaintiff's § 17533.7 claims (which failed), the plaintiff could not proceed on her UCL and CLRA claims even based on the non-17533.7 predicate claims. *Id.*

These cases indicate that the California legislature did not intend a claim of false "Made in USA" representations to lie where the 5% safe harbor is not exceeded. In the instant case, as explained in the summary judgment order, Plaintiff failed to present any evidence that a reasonable consumer would understand the "merchandise" at issue as including the "containers" in which that merchandise is packaged. *See* Docket No. 86 at 15. Accordingly, in light of this Court's construction of merchandise, there was no evidence to support the contention that the 5% safe-harbor limit was exceeded, and the Court saw fit to grant summary judgment for Defendants to the extent that Count I (the UCL claim) was premised upon a violation of California Business & Professions Code § 17533.7. *Id.* at 16.[1] However, what the cases cited by Defendant make clear is that, where there is no viable claim under § 17533.7, the California legislature has determined that "no action should lie." *Fitzpatrick*, 2016 WL 5395955 at *5 (quoting *Cel-Tech*, 20 Cal. 4th at 182). To permit a plaintiff to proceed on his or her other state law predicate claims (alleging, *e.g.*, fraud, deceit, or misrepresentation) where there is no § 17533.7 violation based on the safe-harbor would permit that plaintiff "to attack conduct which the legislature has thoughtfully considered and deemed lawful." *Alaei*, 224 F. Supp. 3d at 1001. If there is no violation of § 17533.7 and its safe harbor, no state law claim will lie to the extent it arises out of the same conduct.

---

[1] Although not necessary to this decision, the Court notes that J-B Weld submitted substantial evidence showing that for 23 of the 24 products—even if packaging were included as part of "merchandise," assuming the relevant metric for assessing the percentage of foreign content was wholesale price—the 5% safe harbor was not exceeded. Because of the ruling herein, the Court does not address whether J-B Weld would be entitled to summary judgment on this ground as well.

5

1    Plaintiff appears to concede that the cases discussed above would spell doom for his other
2 state-law predicate claims (should his § 17533.7 claim fail), as he asserts that his "reliance on 15
3 U.S.C. §§ 45 and 45a distinguishes this case from *Fitzpatrick* . . . , *Alaei* . . ., and *Hass* . . . ."
4 Opposition to Motion for Summary Judgment at 14 n.8, Docket No. 79.  In addition, he cited no
5 case law that would support a different interpretation of those cases or a different outcome for this
6 analysis.

7    Accordingly, the Court now **GRANTS** Defendant's Motion for Summary Judgment to the
8 extent that Counts I and II are premised upon any violation of California state law (which fully
9 disposes of Count II – the CLRA claim).

10   J-B Weld asserts that, in light of the aforementioned cases, it is more broadly entitled to
11 summary judgment on *all* of Plaintiff's claims, including Plaintiff's UCL claim to the extent it is
12 premised upon violations of the FTC Act.  Mot. at 3.  However, the case law provided speaks only
13 to the impact that a failed § 17533.7 claim has on the other state-law predicate claims; it does not
14 directly address the relationship between Plaintiff's federal predicate (15 U.S.C. §§ 45 and 45a),
15 California's 5% safe-harbor rule, and the UCL.  Nonetheless, *Cel-Tech* instructs that "a plaintiff
16 may not bring an action under the unfair competition law if some other provision bars" such an
17 action.  *Cel-Tech*, 20 Cal. 4th at 184; *see also Perea v. Walgreen Co.*, 939 F. Supp. 2d 1026, 1040
18 (C.D. Cal. 2013) ("[A] defendant is not liable under the UCL if some other law clearly permits the
19 conduct."); *cf. Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979, 994 (9th Cir. 2000) (citing
20 *Cel-Tech*, 20 Cal. 4th at 184) ("[A] plaintiff may bring an unfair competition claim under
21 California law unless some other provision bars the action by clearly permitting the conduct.").
22 Thus, even if Plaintiff could prove a violation of the FTC Act (15 U.S.C. §§ 45 and 45a) by
23 showing that the foreign content of Defendant's products exceeded the "all or virtually all" federal
24 standard, no UCL claim would lie unless Plaintiff could show that the foreign content exceeded
25 five percent of the total wholesale value of the product.  As noted above, the 5% safe-harbor was
26 meant to bar suits based on false "Made in USA" claims for merchandise falling within that safe
27 harbor.  There is no reason to believe that bar does not apply to *all* California laws addressing this
28 subject, including the UCL.

Accordingly, the Court also **GRANTS** summary judgment as to Count I (UCL) to the extent that it is premised on a violation of the FTC Act.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** summary judgment in favor of Defendant as to all remaining state-law predicate claims and the FTC Act predicate claim. This decision fully disposes of all of Plaintiff's claims.

This order disposes of Docket No. 90. The Clerk is directed to enter judgment and close this case.

**IT IS SO ORDERED**.

Dated: August 21, 2020

_____
EDWARD M. CHEN
United States District Judge